

**CMR**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DELORES COLEMAN, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | No. |
| v. | ) | |
| | ) | |
| PROGRESSIVE ADVANCED | ) | 18        5494 |
| INSURANCE COMPANY, | ) | |
| | ) | **FILED** |
| Defendant | ) | |

FEB -8 2018

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Advanced Insurance Company ("Progressive"),
by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28
U.S.C. § 1441, *et seq*. Progressive submits that the United States District Court for the Eastern
District of Pennsylvania has original diversity jurisdiction over this civil action and this matter
may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. §
1446. In further support of this Notice of Removal, Progressive states as follows:

1.      Plaintiff Delores Coleman initiated this action by filing a Complaint in the Court
of Common Pleas of Philadelphia County on January 9, 2018. A true and correct copy of the
Complaint is attached as Exhibit "A."

2.      Upon information and belief, the document attached as Exhibit "A" constitutes all
of the pleadings, process, and orders which were filed in connection with the state court action.

3.      Plaintiff Delores Coleman is an adult individual residing in Upper Darby,
Pennsylvania.

4.      Both at the time Plaintiff initiated this action and at the time of this Removal,
Plaintiff was and is a citizen of Pennsylvania.

5.      Progressive Advanced Insurance Company is not incorporated in Pennsylvania, nor does Progressive Advanced Insurance Company have its principal place of business in Pennsylvania.

6.      Rather, Progressive Advanced Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

7.      Both at the time Plaintiff initiated this action and at the time of this Removal, Progressive Advanced Insurance Company was and is a citizen of Ohio.

8.      Plaintiff alleges that she is entitled to underinsured motorist benefits pursuant to an automobile insurance policy that provides $50,000 in underinsured motorist benefits coverage, subject to all of the terms and conditions of the policy.

9.      Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371 and seeks punitive damages, interest on the underinsured motorist claim, and attorney's fees.

10.      Punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

11.      Eastern District courts have held that removal is proper where punitive damages based upon a multiplier of up to four times the alleged compensatory damages are sufficient to meet the amount in controversy.  See Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

12.     As Plaintiff alleges that she is entitled to $50,000 in underinsured motorist benefits, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

13.     Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this matter.  See 28 U.S.C. § 1332.

14.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

15.     Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant, Progressive Advanced Insurance Company, removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By: _____
Daniel J. Twilla (PA I.D. 93797)
E-mail: djtwilla@burnswhite.com
Kathleen P. Dapper (PA I.D. 315993)
E-mail:  kpdapper@burnswhite.com
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3286 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant*

# EXHIBIT "A"

**WILSON AND JOHNSON**
BY: VAL PLEET WILSON, ESQUIRE
I.D. NO. 25787
ONE SOUTH BROAD - 18TH FLOOR
ONE SOUTH BROAD STREET
PHILADELPHIA, PA 19107
(215) 988-9277
ATTORNEY FOR PLAINTIFFS
vpw@wilsonjohnsonlaw.com
www.wilsonjohnsonlaw.com

Filed and Attested by the
Office of Judicial Records
09 JAN 2018 02:51 pm
M. BRYANT

2V - MOTOR VEHICLE

NON JURY

---

| | | |
|---|---|---|
| **DELORES COLEMAN** | : | **Court of Common Pleas** |
| 27 North State Road | | **Philadelphia County** |
| Upper Darby, PA 19082 | : | **CIVIL ACTION NO:** |
| | | |
| V. | : | |
| | | |
| **PROGRESSIVE ADVANCED INSURANCE** | : | |
| **COMPANY** | | |
| 300 WILSON MILLS ROAD | | |
| MAYFIELD VILLAGE, OH 44143 | : | |

---

## COMPLAINT
## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages. You must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CAN-NOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CAN NOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

*LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA*

Le han demandado a usted en is corte. Si usted quiere fendarse de estas demandas expaestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de is demanda y la notificacion. Hace falts asentar una comparencia escrita n persona a con un abogado y entregar a la cortn forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso a notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades us otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO, INMEDIATAMENTE. SI USTED NO TIEN ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE INFORMACION PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS

UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASISTENCIA LEGAL.

Case ID: 180101265

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE

ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
(215) 238-1701

ASOCIACION DE LICENCIAOOS DE FILADELFIA
SERVICIO DE REFERENCIAL LEGAL

One Reading Center
Filadelphia , Pennsylvania 19107
(215) 238-1701

Case ID: 180101265

**WILSON AND JOHNSON**
BY: VAL PLEET WILSON, ESQUIRE
I.D. NO. 25787
ONE SOUTH BROAD - 18TH FLOOR
ONE SOUTH BROAD STREET
PHILADELPHIA, PA 19107
 (215) 988-9277
ATTORNEY FOR PLAINTIFFS                          MOTOR VEHICLE
vpw@wilsonjohnsonlaw.com
www.wilsonjohnsonlaw.com                          NON JURY

---

| | | |
|---|---|---|
| **DELORES COLEMAN** | : | **Court of Common Pleas** |
| 27 North State Road | | **Philadelphia County** |
| Upper Darby, PA  19082 | : | **CIVIL ACTION NO:** |
| **V.** | : | |
| **PROGRESSIVE ADVANCED INSURANCE COMPANY** | : | |
| 300 WILSON MILLS ROAD | | |
| MAYFIELD VILLAGE, OH 44143 | : | |

---

## COMPLAINT

     1.     Plaintiff, DELORES COLEMAN, is an adult individual residing at the above address.

     2.     Defendant, PROGRESSIVE ADVANCED INSURANCE COMPANY (hereinafter PROGRESSIVE) is an insurance company with its principal place of business and with offices in Pennsylvania.

     3.     Defendant transacts significant business in Philadelphia and has offices in Philadelphia.

     4.  When used herein, unless otherwise set forth, the term Plaintiff shall include all Plaintiffs and the term Defendant shall include all Defendants. The term Defendant shall include all and any agents, servants, employees or workers of the Defendant.

5.   Plaintiff reserves the right to amend the complaint to reflect the correct legal identity and/or address of any parties referred to herein.

6.   All material facts and occurrences took place on May 5, 2017 at or near 42nd and Girard Avenue, Philadelphia, Pennsylvania.

7.   On or about May 5, 2017, at or near the above described location, Plaintiff, DELORES COLEMAN, was a passenger in a motor vehicle owned and operated by ROMAYNE GREEN, which was involved in a violent and sudden collision with a motor vehicle owned and operated by tortfeasor SUDHARSHAN KRISHNAN, with the result that the Plaintiff suffered at least the severe and serious injuries hereinafter set forth.

8.   Tortfeasor Sudharshan Krishnan resides in Philadelphia and his motor vehicle is registered in Philadelphia.

9.   The accident which is the subject of this lawsuit occurred in Philadelphia.

10.   The impact between the two vehicles injured and damaged Plaintiff.

11.   Tortfeasors were negligent.

12.   The negligence of tortfeasors included:

    A.   Operating their vehicle at a high and dangerous speed under the circumstances;

    B.   Failing to have their vehicle under proper control;

    C.   In driving into another vehicle;

    D.   In that the tortfeasors were inattentive and failed to maintain a sharp lookout of the road and the surrounding traffic conditions;

    E.   In being inattentive and colliding with another motor vehicle;

F.   In failing to properly inspect vehicle for any mechanical defects;

G.   In violating the various statutes and municipal ordinances pertaining to the operation to the operation of motor vehicles on public thoroughfares under the circumstances;

H.   In driving and or operating the vehicle in a negligent and/or careless manner under the circumstances;

I.   In proceeding in the direction of another vehicle when tortfeasors knew or in the exercise of reasonable care should have known that doing so would result in a collision with another vehicle and would foreseeably result in the severe and serious injuries incurred by the Plaintiff;

J.   In failing to maintain proper lookout for the presence of other motor vehicles on the road;

K.   In operating a vehicle in a manner not consistent with the traffic and/or road and weather conditions prevailing at the time;

L.   In not yielding the right of way;

M.   In failing to obey a red or yellow traffic light and or stop sign;

N.   In violating *75 Pa.C.S. Section 3361* **- Driving Vehicle at safe speed;**

O.   In violating *75 Pa.C.S. Section 3714* **- Careless Driving;**

P.   In violating *75 Pa.C.S. § 3323* **- Stop signs and yield sign;**

Q.   In violating *75 Pa.C.S. § 3310* **– Following too closely;**

R.   In failing to properly maintain and/or repair the tortfeasor vehicle;

S.   In negligently entrusting a motor vehicle;

T.  In negligently hiring, training, screening, evaluating, monitoring and supervising the tortfeasor Driver;

U.  In failing to maintain an assured clear distance between their vehicles;

13.  The accident was factually caused by the joint and/or several negligence of tortfeasors and in no way was caused by the Plaintiff.

14.  The negligence of tortfeasors was and is a factual cause of and or the sole and proximate cause of at least the following damages, injuries and or losses of Plaintiff DELORES COLEMAN:

A.  Serious injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, trauma, restrictions on range of motion and function, pain and suffering and or other injuries- These include permanent and serious injuries and serious impairments of the body and or a bodily function and or permanent loss of a bodily function that allow recovery for non-economic damages against governmental defendants including SEPTA

B.  Past Medical Expenses

C.  Future Medical Expenses

D.  Past Lost Earnings and Lost Earnings Capacity

E.  Future Loss of Earnings and Lost Earning Capacity

F.  Past Pain and Suffering

G.  Future Pain and Suffering

H.  Past Embarrassment and Humiliation

I.  Future Embarrassment and Humiliation

J.  Past Loss of Ability to Enjoy the Pleasures of Life

K.  Future Loss of Ability to Enjoy the Pleasures of Life

L.   Disfigurement

M.   Emotional Distress

N.   Property Damage

O.   Incidental Costs.

15.   Tortfeasor Sudharshan Krishnan and the vehicle he was operating was insured with GEICO Insurance with a policy limit of $25,0000.

16.   The 3rd party claim against tortfeasor has settled for the meager policy limit of $25,000.00.

17.   Defendant consented to this settlement.

18.   At all times material hereto, the defendant, PROGRESSIVE, acted individually and/or through its respective agents, servants, and/or employees who were then and there acting within the course and scope of their employment and/or agency for the Defendant.

19.   At all times material hereto, the Defendant, PROGRESSIVE, insured the motor vehicle which was occupied by Plaintiff.  Defendant PROGRESSIVE possesses the declaration page and the insurance policy.

20.   At all times material hereto, premiums requested by the Defendant, PROGRESSIVE, as payment for the aforesaid policy of insurance had been paid in full and the aforesaid policy was in full force and effect on the date of the accident.

21.   The insurance policy referred to above provided, inter alia, specific coverage for personal injury sustained by an occupant of the motor vehicle as a result of the negligence of an underinsured motorist.  The limit of liability under the underinsured motorist coverage portion of the policy is set forth in the documents possessed by PROGRESSIVE.

23.   The accident of and the negligence of the tortfeasors and their agents, servants and or workmen has been described in detail in this complaint as have the injuries sustained by Plaintiff.

24.    At the time of the collision, the tortfeasors had a liability insurance policy.  The policy limits were limited and due to the serious injuries sustained by Plaintiff, Plaintiff avers that the policy limits were insufficient.

25.    Tortfeasors were underinsured motorists and their motor vehicle was an underinsured motor vehicle.

26.    Plaintiff qualifies for underinsured motorist benefits under the insurance policy provided by PROGRESSIVE.  Plaintiff does not own a motor vehicle nor does she have motor vehicle insurance.

27.    Plaintiff's damages and injuries exceed the policy of insurance applicable to tortfeasors.

28.    Plaintiff and Plaintiff's counsel have provided sufficient information and documentation of Plaintiff's claim for underinsured motorist benefits and all other first party claims.

29.    To date, Defendant PROGRESSIVE has not tendered its policy for underinsured motorist benefits to which Plaintiff is entitled and has not made any settlement offer.

30.    Defendant, despite repeated requests has not made any written offers of settlement.

31.    Plaintiff requests this Court to award underinsured motorist benefits from Defendant PROGRESSIVE to which Plaintiff is entitled.

33.    Defendant PROGRESSIVE is liable for any verdict against tortfeasors in excess of their third party coverage.

Case ID: 180101265

34.     Plaintiff seeks punitive damages against defendant.

35.     As the Plaintiff's insurer, the Defendant, PROGRESSIVE, has fiduciary, contractual and statutory duties toward the Plaintiff to negotiate their claims in good faith in order to arrive at a prompt, fair and equitable settlement.  This duty required and requires a tendering of the underinsured motorist policy limit to Plaintiff.  Plaintiff made offers to accept the underinsured motorist policy limit as a full settlement of all of Plaintiff's claims against PROGRESSIVE, but defendant has not accepted this offer.  Plaintiff has given Defendant every opportunity to settle the UIM claim for their policy limit.  Plaintiff has given Defendant PROGRESSIVE sufficient information to evaluate whether their minimal policy should be tendered.  Rather than act in good faith, the Defendant has and is denying and delaying and acted in bad faith.  Plaintiff's counsel has also made the numerous phone calls set forth in these letters.

36.     Defendant PROGRESSIVE has not acted in good faith toward its insured DELORES COLEMAN.

37.     Defendant PROGRESSIVE should be held liable for interest.

38.     Plaintiff requests reasonable attorney fees to be awarded against Defendant PROGRESSIVE.

39.     The Plaintiff, at all relevant times, fully complied with all of the terms and conditions of the insurance policy in effect and all conditions precedent and subsequent to the Plaintiff's right to recover under the policy.  Defendant has not been prejudiced by their insured or insured's counsel.

40.     Nonetheless, the Defendant refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiff the benefits to which Plaintiff is entitled under the policy.

41.     Defendant PROGRESSIVE has, by the above-described conduct, acted in bad faith in violation of 42 PA C.S.A. §8371.

42.     As a result of the conduct of the Defendant as described above, in violation of the Pennsylvania Bad Faith Statute, 42 PA C.S.A. §8371, the Defendant has violated the insurance policy's covenant of good faith and fair dealing and has committed actions of bad faith for which PROGRESSIVE is liable for interest on the claim in an amount equal to the prime rate of interest plus three (3) percent, court costs, attorney's fees, punitive damages, and such other compensatory and/or consequential relief for damages allowed by law.

43.     By failing to make all payments to which the Plaintiff is entitled under the policy of insurance on a timely basis, PROGRESSIVE has breached its contractual obligations to the Plaintiff under the policy.

## COUNT ONE
## PLAINTIFF DELORES COLEMAN V. DEFENDANT PROGRESSIVE - FOR UIM BENEFITS

44.     Paragraphs 1 through 43 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in a sum in excess of fifty thousand dollars ($50,000), plus interest, costs, reasonable attorney fees and delay damages and punitive damages under Rule 238, Pennsylvania Rules of Civil Procedure and treble damages are requested.

## COUNT TWO
## PLAINTIFF DELORES COLEMAN V. DEFENDANT PROGRESSIVE - FOR PAYMENT OF VERDICT AGAINST TORTFEASORS THAT IS IN EXCESS OF THEIR INSURANCE POLICY LIMIT WITHOUT REGARD TO THE UIM POLICY LIMIT

45.     Paragraphs 1 through 44 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in a sum in excess of fifty thousand dollars ($50,000), plus interest, costs, reasonable attorney fees and delay damages and punitive damages under Rule 238, Pennsylvania Rules of Civil Procedure and treble damages are requested.

## COUNT THREE
## PLAINTIFF DELORES COLEMAN V. DEFENDANT PROGRESSIVE - FOR BAD FAITH

46.     Paragraphs 1 through 45 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in a sum in excess of fifty thousand dollars ($50,000), plus interest, costs, reasonable attorney fees and delay damages and punitive damages under Rule 238, Pennsylvania Rules of Civil Procedure and treble damages are requested.

## COUNT FOUR
## PLAINTIFF DELORES COLEMAN V. DEFENDANT PROGRESSIVE - FOR BREACH OF CONTRACT

47.     Paragraphs 1 through 46 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in a sum in excess of fifty thousand dollars ($50,000), plus interest, costs, reasonable attorney fees and delay damages and punitive damages under Rule 238, Pennsylvania Rules of Civil Procedure and treble damages are requested.

Respectfully submitted,

/s/ Val Pleet Wilson

_____
BY:  VAL PLEET WILSON, ESQUIRE

# <u>VERIFICATION</u>

Delores Coleman

I, _____, hereby state:

1.   I am a Plaintiff in this action;

2.   I verify that the statements made in the
     foregoing are true and correct to the
     best of my knowledge, information and belief;
     and

3.   I understand that the statements in said
     PLEADING are made subject to the penalties of
     18 Pa. C.S.§ 4904 relating to unsworn
     falsification to authorities.

*Delores Colem*

9

Case ID: 180101265

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on February 7, 2018 the within **NOTICE OF**

**REMOVAL** was served via Federal Express, postage prepaid, upon the following:

Val Pleet Wilson, Esq.
Wilson and Johnson
One South Broad – 18th Floor
One South Broad Street
Philadelphia, PA 19107


Daniel J. Twilla

FEB 08 2018